

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00018-CR

QUENISHA GARDNER, Appellant

V.

STATE OF TEXAS, Appellee

On Appeal from the 114th District Court
Smith County, Texas
Trial Court No. 003-0149-09

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Quenisha Gardner appeals a judgment adjudicating guilt for aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02 (West 2011). Gardner was sentenced to five years' incarceration in the Texas Department of Criminal Justice Correctional Institutions Division. Gardner was represented by different appointed counsel at trial and on appeal.[1]

Gardner's attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Gardner on April 22, 2013, informing her of her right to file a pro se response and of her right to review the record. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal. Gardner has neither filed a pro se response, nor has she requested an extension of time in which to file such a response.

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In a frivolous appeal situation, we are to determine whether the appeal is without merit and frivolous, and, if so, the appeal must be dismissed or affirmed.[2] *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[3]

Bailey C. Moseley
Justice

Date Submitted:     July 1, 2013
Date Decided:       July 2, 2013

Do Not Publish

---

[2]We note that the clerk's record includes an order to withdraw funds from Gardner's trust account to include "costs, fees and/or fines and/or restitution" incurred in the amount of $284.00. We further note that the judgment does not reflect an order for payment of court costs, fees, fines, or restitution.

[3]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.